# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS KIELBASINSKI, SR., | ) |
| | ) CIVIL ACTION |
| Plaintiff, | ) |
| | ) NO. 3:15-cv-195 |
| V. | ) |
| | ) |
| VETERANS ADMINISTRATION, | ) TYPE OF PLEADING: |
| | ) **COMPLAINT** |
| Defendant. | ) |

FILED ON BEHALF OF:
**THOMAS KIELBASINSKI, SR**
Plaintiff

COUNSEL OF RECORD:
MARC T. VALENTINE, ESQUIRE
Pa. ID NO. 313624
PO Box 192, 124 North Center Ave, Ste. 230
Somerset, PA   15501
(814) 701-2835

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS KIELBASINSKI, SR., | ) |
| | ) CIVIL ACTION |
| Plaintiff, | ) |
| | ) NO. 3:15-cv-195 |
| V. | ) |
| | ) |
| VETERANS ADMINISTRATION, | ) TYPE OF PLEADING: |
| | ) **COMPLAINT** |
| Defendant. | ) |

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

Pennsylvania Lawyer Referral Service
Pennsylvania Bar Association
100 South Street
P.O. Box186
Harrisburg, PA 17108
(800) 692-7375

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS KIELBASINSKI, SR., | ) |
|          Plaintiff, | ) CIVIL ACTION |
| | ) |
| V. | ) NO. 3:15-cv-195 |
| | ) |
| VETERANS ADMINISTRATION, | ) |
|          Defendant. | ) |

## COMPLAINT

AND NOW, comes Thomas Kielbasinski, Sr., by and through his attorney Marc T. Valentine, Esquire filing this Civil Complaint and states and alleges the following facts in support:

1. Thomas Kielbasinski, Sr., Plaintiff, herein after referred to as Plaintiff, resides at 402 West Main Street, Rear Apartment, Somerset, Pennsylvania 15501.

2. The Veterans Administration Hospital in Pittsburgh address is University Drive, Pittsburgh, Pa 15240.

3. The Johnstown Veterans Administration's address is 598 Galleria Drive, Johnstown, Pa 15904.

4. Prior to, on and since October 2012, Thomas Kielbasinski, Sr., herein after referred to as Plaintiff, was a patient of the Veterans Administration Hospitals, herein after referred to as Defendant.

5. The Plaintiff was prescribed Plavix among other medications by a Defendant Doctor.

6. The Plaintiff had experienced conditions that warranted the need for said medication to prevent a stroke.

7. The Plaintiff had a stroke on November 12, 2012.

8. On November 12, 2012, the Plaintiff was hospitalized at Somerset Hospital.

9. On or about December 12, 2012, the Plaintiff suffered a second hospitalization due to stroke and was hospitalized at Conemaugh Memorial Hospital.

10. The Defendant did not send Plavix to the Plaintiff until 5 weeks after the prescription was prescribed.

11. The Plaintiff had no other financial or other means to obtain Plavix or any other type of said drug or to get a prescription from any other doctor during that 5 week period.

12. The Plaintiff to date has issues making daily decisions, dressing himself, and other daily life functions.

13. The Plaintiff lost his Pennsylvania automobile license due to his health condition from the strokes.

14. The Plaintiff has been unable to work in any capacity since the strokes.

15. The Plaintiff has been confined to his home.

16. The Plaintiff has been under the care of his son since the time of the strokes.

17. The Plaintiff has been unable to live on his own.

18. Plaintiff has exhibited signs of forgetfulness, memory issues and other cognitive function loss.

19. The Plaintiff has continually followed up on all doctor's visits and has done everything in the Plaintiffs ability to mitigate the damage in this case.

20. The Plaintiff filed a claim under the Federal Tort Act on August 7, 2013 with the Veterans Administration.

21. The last decision made by the Veterans Administration was on October 10, 2014.

22. The Plaintiff has waited the SIX (6) month requirement prior to filing a suit in Federal Court. As such, the Plaintiff now brings this case in Federal Court and has exhausted its administrative remedies.

## COUNT I - NEGLIGENCE (DELAY OF CARE)

23. Paragraphs 1 through 22 are hereby incorporated by reference as though fully set forth in detail.

24. The Plaintiff is a Veteran and was under the care of the Defendant's Hospitals in Pittsburgh and Johnstown Pennsylvania.

25. The Plaintiff heavily, if not totally, relied upon the health care provided by the Defendant.

26. The Defendant's Hospital or Doctor prescribed the Plaintiff Plavix and other pharmaceuticals to prevent bleeds and strokes.

27. The Plaintiff suffered a stroke on November 12, 2012, and a second stroke on December 12, 2012.

28. The Plaintiff did not receive the medications from the Defendant until over 5 weeks after the prescription was to have been filled as per the Defendant's Doctors orders and not until after the Plaintiff suffered a stroke.

29. The medication in question, Plavix, is intended to be prescribed to help prevent a stroke in persons like the Plaintiff with similar health conditions and history.

30. The Defendant had a duty to timely fill the medication of the Plaintiff.

31. The Defendant did not supply the Plaintiff with medication until 5 weeks after the date of the initial issuance of prescription and not until after the Plaintiff had suffered 2 debilitating strokes.

32. The Defendant breached the Defendant's duty of care by not supplying those medications until after 5 weeks.

3

33. The Plaintiff suffered 2 strokes, resulting in permanent brain damage, loss of cognitive functions, need for daily care and aid, loss of driver's license and various other damages related to the stroke suffered by the Plaintiff.

34. The Defendant's Doctors prescribed Plavix to the Plaintiff for the purpose of preventing a stroke due to the health of the Plaintiff.

35. The delay in care in not providing the medications in a timely fashion was the approximate cause of the Plaintiff's injuries.

36. The Defendant's actions are the cause of said Plaintiff's injuries.

37. The Plaintiff's damages are ongoing and medical monitoring will be necessary.

WHEREFORE, the Plaintiff humbly asks this Honorable Court to find for the Plaintiff and award the Plaintiff compensatory damages, punitive damages, future medical costs and any other damages as this Honorable Court deems just and reasonable.

## COUNT II - NEGLIGENCE (DISTRIBUTION)

38. Paragraphs 1 through 37 are hereby incorporated by reference as though fully set forth in detail.

39. Plaintiff was in the care of Defendant's Hospital and Doctor.

40. Defendant's Doctor prescribed Plavix to Plaintiff.

41. Defendant did not supply the Plaintiff with Plavix until 5 weeks after the Defendant's Doctor prescribed the Plaintiff with Plavix.

42. Prior to the Plaintiff receiving said Plavix, the Plaintiff suffered 2 strokes on November 12, 2012 and December 12, 2012.

43. The Defendant had a duty to supply the Plaintiff with Plavix and other medications in a timely fashion.

44. The Defendant breached the duty of care by not timely supplying the medications to the Plaintiff.

4

45. The delay in the Plaintiff receiving the medications from the Defendant is the approximate cause of the Plaintiff's injuries.

46. Plaintiff suffered 2 strokes, resulting in permanent brain damage, loss of cognitive functions, need to daily care and aid, loss of driver's license and various other damages related to the stroke suffered by the Plaintiff.

WHEREFORE, the Plaintiff humbly asks this Honorable Court to find for the Plaintiff and award the Plaintiff compensatory damages, punitive damages, future medical costs and any other damages as this Honorable Court deems just and reasonable.

## COUNT III - BEACH OF CONTRACT

47. Paragraphs 1 through 46 are hereby incorporated by reference as though fully set forth in detail.

48. The Plaintiff entered into a care agreement with the Defendant and the Defendant's Doctors.

49. The Plaintiff agreed to follow the directives of the Defendant and the Defendant's Doctors and the Defendant agreed to provide the Plaintiff with the proper Due Care.

50. The Plaintiff received the majority and/or all of his medical care from the Defendant.

51. Five weeks prior to said strokes, the Defendant's Doctor prescribed the Plaintiff Plavix due to the medical reasons noted by the Defendant's Doctor as stated in the medical records of the Plaintiff.

52. The Plaintiff did not receive those prescriptions until 5 weeks after the date the prescription was made.

53. The Plaintiff suffered a stroke on November 12, 2012 date and was hospitalized at Somerset Hospital.

54. The Plaintiff suffered a second stroke on December 12, 2012, and was hospitalized at Conemaugh Memorial Hospital.

55. The Plaintiff had suffered 2 strokes, resulting in permanent brain damage, loss of cognitive functions, need to daily care and aid, loss of driver's license and various other damages related to the stroke suffered by the Plaintiff.

56. The Defendant has breached said contract for care by not providing timely and due care to the Plaintiff.

WHEREFORE, the Plaintiff humbly asks this Honorable Court to find for the Plaintiff and award compensatory, expectation, punitive and other damages as this Honorable Court may deem fit and just to put the Plaintiff in the same position the Plaintiff would have been in should the Plaintiff not have been injured.

## COUNT IV - PROMISSORY ESTOPPEL

57. Paragraphs 1 through 56 are hereby incorporated by reference as though fully set forth in detail.

58. The Plaintiff entered into a care agreement with the Defendant and the Defendant's Doctors.

59. The Plaintiff agreed to follow the directives of the Defendant and the Defendant's Doctors and the Defendant agreed to provide the Plaintiff with the proper due care.

60. The Plaintiff is not a medical doctor nor has any medical training.

61. The Defendant is Hospital who routinely cares for patients and is an expert in medical care for said patients.

62. The Doctors that work for the Defendant are experts in the field of medicine.

63. The Plaintiff relied on the care and statements made by the Defendant.

64. The Plaintiff relied on the statements made by the Defendant due to the expertise of the Defendant and the lack of expertise of the Plaintiff.

6

65. The Plaintiff relied to the Plaintiff's detriment and suffered injuries and damages because of the breach of the Defendant.

WHEREFORE, the Plaintiff humbly asks this Honorable Court to find for the Plaintiff and award compensatory, expectation, punitive and other damages as this Honorable Court may deem fit and just to put the Plaintiff in the same position the Plaintiff would have been in should the Plaintiff not have been injured.

### COUNT V - MEDICAL MALPRACTICE

66. Paragraphs 1 through 65 are hereby incorporated by reference as though fully set forth in detail.

67. The VA Hospital, said Doctors, other health care professionals and other persons providing said cares and services on behalf of the VA Hospital had a duty of due care to provide reasonable medical services in a reasonably competent manner to the Plaintiff.

68. The Plaintiff suffered 2 strokes after being deprived of Plavix and various other pharmaceuticals for approximately 5 weeks.

69. A reasonable pharmacy would distribute the same pharmaceuticals within several days of said prescription due to the fact that Plavix can prevent a patient like the Plaintiff from suffering both strokes suffered by said Plaintiff.

70. The VA Hospital is aware of the condition of the Plaintiff as the VA Hospital was the sole care provider of said Plaintiff and had prescribed said pharmaceuticals to the Plaintiff.

71. The Defendant Breached the Duty of Care by not providing the pharmaceuticals in a reasonable amount of time, i.e. did not provide pharmaceuticals until 5 weeks after said prescription date and then the Plaintiff suffered strokes.

72. It should be noted that the Plaintiff did not receive pharmaceuticals from the VA Hospital until after said strokes occurred.

73. The Plaintiff suffered severe and permanent damages to the Plaintiff's brain because of the result of the strokes.

74. The Plaintiff has also suffered other damages.

75. The VA Hospital Doctors and Pharmacy Malpractice is the proximate cause of the Plaintiff's injuries.

WHEREFORE, the Plaintiff humbly asks this Honorable Court to find for the Plaintiff and award compensatory, expectation, punitive and other damages as this Honorable Court may deem fit and just and necessary to compensate the Plaintiff for the damages suffered.

Respectfully Submitted,

Date: 7-24-15

Marc T. Valentine, Esquire

## VERIFICATION

I verify that the statements made in this Complaint are true and correct. I understand that false statements herein made are subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

_____
THOMAS KIELBASINSKI, SR.