# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS KIELBASINSKI, SR., | ) | |
| | ) | CIVIL ACTION NO. 3:15-195 |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| VETERANS ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

**I.   Introduction**

This action comes before the Court upon a motion to dismiss, or in the alternative, a motion for summary judgment filed by Defendant Veterans Administration (ECF No. 6) and a motion for joinder filed by Plaintiff Thomas Kielbasinski, Sr. (ECF No. 13). For the reasons that follow, Defendant's motion to dismiss, or in the alternative, motion for summary judgment will be **GRANTED**, and Plaintiff's motion for joinder will be **DENIED** as moot.

**II.   Background**

This case involves Plaintiff's medical condition after suffering two strokes while he was a patient of Defendant. The following facts are alleged in the complaint, which the Court will accept as true for the sole purpose of deciding the pending motions.

In October 2012, Plaintiff was a patient of Defendant and was prescribed Plavix, among other medications. (ECF No. 1 ¶¶ 4-5.) Plaintiff had experienced conditions that required him to take Plavix to prevent a stroke. (*Id.* ¶ 6.) Defendant did not send Plavix

to Plaintiff until five weeks after the medication was prescribed. (*Id.* ¶ 10.) Plaintiff did not have financial or other means to obtain Plavix or any other type of medication during this five-week period. (*Id.* ¶ 11.) Plaintiff had a stroke on November 12, 2012, and was hospitalized at Somerset Hospital. (*Id.* ¶¶ 7-8.) On or about December 12, 2012, Plaintiff had a second stroke and was hospitalized at Conemaugh Memorial Hospital. (*Id.* ¶¶ 9, 42.)

Plaintiff has since been confined to his home and is unable to work. (*Id.* ¶¶ 14-15.) Plaintiff lost his Pennsylvania automobile license as a result of his health condition. (*Id.* ¶ 13.) He has been unable to live on his own and is under the care of his son. (*Id.* ¶¶ 16-17.) Plaintiff has issues making daily decisions, dressing himself, and completing other daily life functions. (*Id.* ¶ 11.) He also has exhibited signs of forgetfulness, memory issues, and other cognitive function loss. (*Id.* ¶ 18.) Plaintiff has followed up on all doctors' visits and has attempted to mitigate his damages. (*Id.* ¶ 19.) He filed a claim under the Federal Tort Claims Act ("FTCA") on August 7, 2013, with Defendant. (*Id.* ¶ 20.) The last decision made by Defendant was on October 10, 2014. (*Id.* ¶ 21.) Plaintiff has exhausted his administrative remedies and waited six months before filing this action. (*Id.* ¶ 22.)

Plaintiff filed this action on July 24, 2015, and asserts five claims against Defendant. (*Id.* ¶¶ 23-75.) In Count I, Plaintiff asserts a negligence claim for delay of care against Defendant. (*Id.* ¶¶ 23-37.) In Count II, Plaintiff asserts a negligence claim for distribution against Defendant. (*Id.* ¶¶ 38-46.) In Count III, Plaintiff asserts a breach of contract claim against Defendant. (*Id.* ¶¶ 47-56.) In Count IV, Plaintiff asserts a

2

promissory estoppel claim against Defendant. (*Id.* ¶¶ 57-65.) In Count V, Plaintiff asserts a medical malpractice claim against Defendant. (*Id.* ¶¶ 66-75.)

Defendant filed a motion to dismiss or, in the alternative, a motion for summary judgment, along with a supporting brief, on November 24, 2015. (ECF Nos. 6, 7.) On December 18, 2015, Plaintiff filed a response and a supporting brief. (ECF Nos. 10, 11.) Defendant filed a reply on December 23, 2015, (ECF No. 16), and Plaintiff filed a sur-reply on February 2, 2016, (ECF No. 17). Plaintiff filed a motion to join the United States as a defendant on December 18, 2015. (ECF No. 13.) Defendant has not filed a response to Plaintiff's motion. Both motions are now ripe for disposition.

### III. Standard of Review

#### A. Motion to Dismiss, Rule 12(b)(6)

Defendant moves to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6). The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) allows a party to seek dismissal of a complaint or any portion of a complaint for failure to state a claim upon which relief can be granted. Although the federal pleading standard has been "in the forefront of jurisprudence in recent years," the standard of review for a Rule 12(b)(6) challenge is now well established. *Fowler v. UPMC Shadyside*, 578 F. 3d 203, 209 (3d Cir. 2009).

In determining the sufficiency of a complaint, a district court must conduct a two-part analysis. First, the court must separate the factual matters averred from the legal

conclusions asserted. *See Fowler*, 578 F. 3d at 210. Second, the court must determine whether the factual matters averred are sufficient to show that plaintiff has a "'plausible claim for relief.'" *Id*. at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint need not include "'detailed factual allegations.'" *Phillips v. County of Allegheny*, 515 F. 3d 224, 231 (3d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Moreover, the court must construe the alleged facts, and draw all inferences gleaned therefrom, in the light most favorable to the non-moving party. *See id*. at 228 (citing *Worldcom, Inc. v. Graphnet, Inc.*, 343 F. 3d 651, 653 (3d Cir. 2003)). However, "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action . . . do not suffice." *Iqbal*, 556 U.S. at 678. Rather, the complaint must present sufficient "'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sheridan v. NGK Metals Corp.*, 609 F. 3d 239, 262 n.27 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

Ultimately, whether a plaintiff has shown a "plausible claim for relief" is a "context-specific" inquiry that requires the district court to "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The relevant record under consideration includes the complaint and any "document integral to or explicitly relied upon in the complaint." *U.S. Express Lines, Ltd. v. Higgins*, 281 F. 3d 383, 388 (3d Cir. 2002) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F. 3d 1410, 1426 (3d Cir. 1997)). If a complaint is vulnerable to dismissal pursuant to Rule 12(b)(6), the district court must permit a curative amendment, irrespective of whether a plaintiff seeks leave to amend,

unless such amendment would be inequitable or futile. *Phillips*, 515 F. 3d at 236; *see also Shane v. Fauver*, 213 F. 3d 113, 115 (3d Cir. 2000).

B.     **Motion for Summary Judgment, Rule 56(a)**

A grant of summary judgment is appropriate when the moving party establishes that "'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Heffernan v. City of Paterson*, 777 F.3d 147, 151 (3d Cir. 2015) (quoting FED. R. CIV. P. 56(a)). A genuine issue of material fact is one that could affect the outcome of litigation. *Mahoney v. McDonnell*, 616 Fed. Appx. 500, 504 (3d Cir. 2015) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986)). However, "'[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.'" *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The initial burden is on the moving party to adduce evidence illustrating a lack of genuine issues. *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once the moving party satisfies its burden, the non-moving party must present sufficient evidence of a genuine issue, in rebuttal. *Id.* (citing *Matsushita Elec. Indus. Co.*, 475 U.S. at 587). When considering the parties' arguments, the Court is required to view all facts and draw all inferences in the light most favorable to the non-moving party. *Id.* (citing *Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994)). Further, the benefit of the doubt will be given to allegations of the non-moving party when in conflict with the moving party's claims. *Bialko v. Quaker Oats Co.*, 434 Fed. Appx. 139, 141 n.4 (3d Cir. 2011) (citing *Valhal Corp. v. Sullivan Assocs.*, 44 F.3d 195, 200 (3d Cir. 1995)).

5

Nonetheless, a well-supported motion for summary judgment will not be defeated where the non-moving party merely reasserts factual allegations contained in the pleadings. *Id.* (citing *Williams v. Borough of West Chester*, 891 F.2d 458, 460 (3d Cir. 1989)). The non-moving party must resort to affidavits, depositions, admissions, and/or interrogatories to demonstrate the existence of a genuine issue. *Connection Training Servs. v. City of Philadelphia*, 358 Fed. Appx. 315, 318 (3d Cir. 2009) (citing *Celotex Corp.*, 477 U.S. at 324).

In light of the evidentiary materials submitted by both parties, the Court will construe the Defendant's motion to dismiss, or in the alternative, motion for summary judgment as a factual attack on the subject matter jurisdiction of this Court.

## IV. Discussion

Initially, the Court notes that Defendant has argued that the Court does not have jurisdiction over Plaintiff's breach of contract claim and that Plaintiff's promissory estoppel claim is barred by the doctrine of sovereign immunity. (ECF No. 7 at 8-9.) In response, Plaintiff has stated that he withdraws those two claims from his complaint. (ECF No. 10 at 1, 11 at 4.) Accordingly, the Court need not address Defendant's arguments, in that Counts III and IV are withdrawn from Plaintiff's complaint.

Defendant argues that Plaintiff's negligence claims must be dismissed because they were not filed within the applicable statute of limitations period. (ECF No. 7 at 5-7.) Defendant states that Plaintiff presented his administrative tort claim on September 13, 2013, which was within two years of the alleged incident. (*Id.* at 6; *see also* ECF No. 7-1 at

6

2-6.) Defendant denied Plaintiff's claim on April 14, 2014. (ECF No. 7 at 6; *see also* ECF No. 7-1 at 8-9.) Plaintiff filed a request for reconsideration on August 26, 2014, which Defendant denied on January 7, 2015. (ECF No. 7 at 6-7; *see also* ECF Nos. 7-1 at 11-14; 7-2 at 9.) Defendant contends that Plaintiff's negligence claims are not timely because he filed them on July 24, 2015, more than six months after Defendant mailed notice of its final denial of Plaintiff's claims. (ECF No. 7 at 7.)

In response, Plaintiff argues that Defendant's denial was invalid because Defendant communicated the denial of his claim to his son, Thomas Kielbasinski, Jr., who never had legal authority to act on his behalf. (ECF No. 11 at 1.) Plaintiff further asserts that he never received a denial letter from Defendant. (*Id.* at 2-3.) Finally, Plaintiff argues that Defendant's denial is invalid under the Administrative Procedures Act ("APA"). (*Id.* at 3-4.)

In reply, Defendant asserts that Plaintiff's son faxed a Power of Attorney to it, that the statute of limitations period began to run when the denial letter was mailed, not when it was received, and that there was no violation of the APA. (ECF No. 16 at 2-3.) In a sur-reply, which was not timely filed under the Court's Practice and Procedure Rule II.D.4, Plaintiff reiterates that he had no notice of Defendant's denial and requests that the Court hold that the statute of limitations is therefore inapplicable. (ECF No. 17 at 1.)

The FTCA is a limited waiver of the sovereign immunity of the United States, providing that: "The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for

7

punitive damages." 28 U.S.C. § 2674. To make a claim under the FTCA, a claimant first must file his or her claim with the administrative agency allegedly responsible for his or her injuries. 28 U.S.C. § 2675(a). If the agency denies the claim or fails to resolve it within six months, then the claimant may file an action in a district court. 28 U.S.C. §§ 2401(b), 2675(a). District courts have exclusive jurisdiction over suits against the United States brought under the FTCA. 28 U.S.C. § 1346(b).

The FTCA includes a two-year limitations provision, which provides:

> [A] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). The administrative exhaustion requirement is "unambiguous." *McNeil v. United States*, 508 U.S. 106, 111 (1993). The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies. *Id.* at 113. The claim must be presented to the relevant federal agency and be finally denied before a claimant can bring suit against the United States. *Lightfoot v. United States*, 564 F.3d 625, 626 (3d Cir. 2009) (citing 28 U.S.C. § 2675(a)). The final denial requirement is "'jurisdictional and cannot be waived.'" *Id.* at 627 (quoting *Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971)).

Plaintiff filed his administrative tort claim with Defendant on September 13, 2013. (ECF No. 7-1 at 2-6.) In denying Plaintiff's claim on April 14, 2014, Defendant notified Plaintiff that he could file a request for reconsideration of his claim within six months of the mailing of the denial. (*Id.* at 8.) Defendant further informed Plaintiff that he could

present his claim to a federal court "within [six] months after the date of the mailing of this notice of final denial as shown by the date of this letter." (*Id.* at 8-9.)

Following the initial denial of Plaintiff's claim, Plaintiff's son sent an e-mail on August 26, 2014, and stated, "I hereby request reconsideration of the denial of my father's tort claim." (*Id.* at 11.) On September 10, 2014, Defendant sent a letter to Plaintiff and Plaintiff's son to acknowledge receipt of the August 26, 2014, correspondence requesting reconsideration of the April 14, 2014, denial. (*Id.* at 14.) Defendant stated:

> We have been advised by the Law Office of Marc T. Valentine that he no longer represents you in this matter. According to your son, Mr. Thomas Kielbasinski II, he is pursuing the claim on your behalf. We require a copy of the Power of Attorney or other legal document permitting him to act on your behalf.

(*Id.*) After stating that it would begin its reconsideration as soon as possible, Defendant advised Plaintiff that "regulations provide an agency a 6-month period during which time the right to file suit on this claim is suspended. Thereafter, if no decision has been made, you may either deem the matter denied by filing suit in Federal district court, or continue to await an agency decision." (*Id.*) Defendant also informed Plaintiff that Bill Klotzbucher had been assigned to the reconsideration of his claim. (*Id.*)

On September 12, 2014, Mr. Klotzbucher received a fax from "Tom Kielbasinski." (ECF No. 16-1 at 2.) The fax included Defendant's September 20, 2014, letter requesting a copy of the Power of Attorney permitting Plaintiff's son to act on Plaintiff's behalf. (*Id.* at 3.) Attached to the letter was a durable Power of Attorney that was signed by Plaintiff on September 8, 2014. (*Id.* at 4.) In the Power of Attorney, which "shall be construed broadly as a General Power of Attorney," Plaintiff appointed Thomas Kielbasinski, Jr. as his

9

attorney-in-fact and granted him "full power and authority to act on [his] behalf." (*Id.* at 5-6.) The Power of Attorney became "effective immediately." (*Id.* at 7.) Thomas Kielbasinski, Jr. signed an acknowledgement of Plaintiff's Power of Attorney on September 8, 2014. (*Id.* at 8.)

On January 7, 2015, Defendant again denied Plaintiff's claim. (ECF No. 7-2 at 9.) Defendant stated:

> Further action on the mater may be instituted in accordance with the FTCA, sections 1346(b) and 2671-2680, title 28, United States Code, which provides, in effect, that a tort claim that is administratively denied may be presented to a Federal district court for judicial consideration. Such a suit must be initiated, however, within 6 months after the date of mailing of this notice of final denial as shown by the date of this letter (section 2401(b), title 28, United States Code).

(*Id.*) Defendant sent the letter by certified mail to "Mr. Thomas Kielbasinski, Jr. With Power of Attorney for Mr. Thomas Kielbasinski, Sr." (*Id.* at 10.) The letter was placed in the mail on January 7, 2015, and was delivered on January 10, 2015. (*Id.* at 12.) Although the addresses have been redacted, Defendant states that the letter was sent to the same address listed on Plaintiff's claim. (ECF No. 16 at 2.)

In light of the documentary evidence establishing that Plaintiff's son had the Power of Attorney to act on his behalf, the Court must reject Plaintiff's contention that his son never had legal authority to act on his behalf. Therefore, through the e-mail that his son sent, Plaintiff submitted a request for the reconsideration of the denial of his claim on August 26, 2014. (ECF No. 7-1 at 11-12.)

Similarly, the Court finds unavailing Plaintiff's argument that he did not receive Defendant's final denial letter. The FTCA provides that a tort claim against the United

10

States is barred "unless action is begun within six months after *the date of mailing*, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b) (emphasis added); *see also* 28 C.F.R. § 14.9(a) (stating that if a claimant is dissatisfied with the final denial of an administrative claim, "he may file suit in an appropriate U.S. District Court not later than 6 months after *the date of mailing* of the notification") (emphasis added). The final denial of Plaintiff's claim was mailed on January 7, 2015. (ECF No. 7-2 at 12.) Plaintiff was therefore required to file his action in this Court by July 7, 2015. Because Plaintiff did not commence this action until July 24, 2015, his claims are barred by the statute of limitations period. *See, e.g.*, *Dickson v. United States*, No. 1:14-CV-1784, 2016 U.S. Dist. LEXIS 86130, at *12-13 (M.D. Pa. July 1, 2016) (holding that the plaintiff's claim was barred because it was filed one day after the six-month statute of limitations period expired); *Youlo v. United States*, No. 12-CV-3135, 2013 U.S. Dist. LEXIS 119201, at *8, 10-13 (E.D. Pa. Aug. 21, 2013) (rejecting the plaintiff's argument that "she never received the claim denial notice" and holding that her claim was barred because it was not filed within the applicable six-month statute of limitations); *Forman v. United States*, No. 98-CV-6784, 1999 U.S. Dist. LEXIS 15391, at *16-19 (E.D. Pa. Oct. 6, 1999) (explaining that "the terms of the statute make mailing, not receipt, the relevant act," and holding that the plaintiff's suit was untimely).

The Court will deny Plaintiff's request that it hold that the statute of limitations is inapplicable. The Third Circuit has held that "[e]quitable tolling applies when a plaintiff has been prevented from filing in a timely manner due to sufficiently inequitable circumstances." *Hedges v. United States*, 404 F.3d 744, 751 (3d Cir. 2005) (internal

11

quotations omitted). Inequitable circumstances arise: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Id.* (internal quotations omitted). The plaintiff "must exercise due diligence in preserving his claim." *Id.* (internal quotations omitted). "Equitable tolling is an extraordinary remedy which should be extended only sparingly." *Id.*

Plaintiff has not made any arguments applying the elements of equitable tolling. (*See* ECF Nos. 10, 11, 17.) Moreover, nothing in the record establishes that Defendant actively misled Plaintiff regarding his cause of action. Rather, Defendant repeatedly advised Plaintiff of the applicable statute of limitations. (ECF No. 7-1 at 8-9, 14; ECF No. 7-2 at 9.) Furthermore, the United States Court of Appeals for the Third Circuit has refused to hold that a government agency "has an affirmative duty to inform litigants, including pro se litigants, that they have viable judicial, as well as administrative remedies." *Hedges v. United States*, 404 F.3d 744, 752 (3d Cir. 2005).

The "extraordinary circumstances" element is also unavailing. The Third Circuit has explained that while the facts of a case "may certainly be described as 'extraordinary' in the vernacular sense of the word," they may not be sufficient to warrant the application of the federal equitable tolling rule. *Kach v. Hose*, 589 F.3d 626, 645 (3d Cir. 2009). Having considered the circumstances presented, the Court finds that Plaintiff "has presented a 'garden-variety claim[] of excusable neglect,' not an extraordinary circumstance that warrants equitable tolling." *Jones v. United States*, 366 Fed. Appx. 436, 441 (3d Cir. 2010)

(quoting *Santos ex rel. Beato v. United States*, 559 F.3d 189, 193 (3d Cir. 2009) (finding that extraordinary circumstances were present because the plaintiff, who was subjected to negligent care when she was six years old, was unable to assert her rights as a result of the difficulty of ascertaining the federal status of the defendant)). Plaintiff did not have difficulty ascertaining the federal status of Defendant. Similarly, the Court cannot conclude that Plaintiff mistakenly asserted his rights in the wrong forum because he properly filed his claim with Defendant, properly requested reconsideration of the denial of his claim, and belatedly brought suit in this Court. Because equitable estoppel is not applicable in this case, Plaintiff's claims against Defendant are facially untimely and are time-barred.

The Court also concludes that Defendant did not violate the APA. Although Plaintiff argues that the denial letter violates the APA because it was not issued by "[an] Administrative Law Judge acting as a quasi-judicial body," (ECF No. 11 at 3), Plaintiff filed this matter pursuant to the FTCA. Under the FTCA, administrative denials are "exercised by the head of an agency or his designee," not by an Administrative Law Judge. 28 C.F.R. § 14.5. E. Douglas Bradshaw, Jr., Assistant General Counsel, signed the denial of Plaintiff's reconsideration. (ECF No. 7-2 at 9.) An Assistant General Counsel is an appropriate designee of the agency head. 38 C.F.R. § 14.600(c)(2). Plaintiff's argument is therefore meritless.

Finally, the Court notes that to the extent that Plaintiff wishes to bring a medical malpractice action under the FTCA, his failure to comply with Pennsylvania Rule of Civil Procedure 1042.3 is a bar to his claim. Under Pennsylvania law, "[a] certificate of merit

13

must be filed either with the complaint or within sixty days after the filing of the complaint in any action asserting a professional liability claim 'based upon the allegation that a licensed professional deviated from an acceptable professional standard.'" *Smith v. Friends Hosp.*, 928 A.2d 1072, 1074-75 (Pa. Super. Ct. 2007) (quoting Pa.R.C.P. 1042.3(a)). "Federal courts have found that this rule constitutes state substantive law and thus applies in federal courts in Pennsylvania." *Brownstein v. Gieda*, No. 3:08-CV-1634, 2009 U.S. Dist. LEXIS 72031, at *8 (M.D. Pa. Aug. 13, 2009). A federal court therefore may dismiss a case if the plaintiff has failed to file the required certificate of merit. *Id.* Plaintiff has failed to file a certificate of merit in this matter. Additionally, Plaintiff has failed to respond to Defendant's argument that his medical negligence claims should be dismissed as a result of his failure to file a certificate of merit. (*See* ECF Nos. 7 at 7 n.3; 10; 11; 17.) Plaintiff's failure to file a certificate of merit therefore serves as an additional basis for dismissing his medical negligence claims.

Because Plaintiff's claims are barred by the six-month statute of limitations, the Court lacks subject-matter jurisdiction. Accordingly, Plaintiff's motion for joinder is moot, and Plaintiff's complaint must be dismissed with prejudice.

## V.     Conclusion

For the reasons stated above, the Court will grant Defendant's motion to dismiss, or in the alternative, motion for summary judgment. The Court will deny Plaintiff's motion for joinder as moot and will dismiss Plaintiff's complaint with prejudice.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS KIELBASINSKI, SR., | ) | |
| | ) | CIVIL ACTION NO. 3:15-195 |
| Plaintiff, | ) | |
| | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| | ) | |
| VETERANS ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**AND NOW**, this 7th day of July, 2016, upon consideration of Defendant Veterans Administration's motion to dismiss, or in the alternative, motion for summary judgment (ECF No. 6) and Plaintiff Thomas Kielbasinski, Sr.'s motion for joinder (ECF No. 13), and for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED** as follows:

(1) Counts III and IV are voluntarily withdrawn from Plaintiff Thomas Kielbasinski, Sr.'s complaint.

(2) Defendant Veterans Administration's motion to dismiss, or in the alternative, motion for summary judgment is **GRANTED**. Counts I, II, and V of Plaintiff Thomas Kielbasinski, Sr.'s complaint are dismissed with prejudice.

(3) Thomas Kielbasinski, Sr.'s action is dismissed with prejudice for lack of subject-matter jurisdiction.

(4) Plaintiff Thomas Kielbasinski, Sr.'s motion for joinder is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment in favor of Defendant Veterans Administration and against Plaintiff Thomas Kielbasinski, Sr. and shall mark this case closed.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE